UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARIEFF MASSEY,

        Plaintiff,                  Case Number: 2:13-CV-14222

v.                                  HON. JOHN CORBETT O'MEARA
                                          UNITED STATES DISTRICT JUDGE

D. PEMBERTON, ET AL.,

        Defendants.
_____/

**ORDER GRANTING PETITIONER'S REQUEST TO AMEND COMPLAINT
AND DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff Sharieff Massey filed a *pro se* civil rights action under 42 U.S.C. § 1983, alleging that he was denied due process during a prison misconduct proceeding stemming from an incident at the Charles Egeler Reception and Guidance Center in Jackson, Michigan. Plaintiff named five defendants, all employees of the Michigan Department of Corrections. On February 6, 2014, this Court issued an opinion and order summarily dismissing the complaint because Plaintiff failed to state a claim upon which relief may be granted. Presently before the Court is Plaintiff's motion for relief from judgment.

The Court dismissed the complaint because Plaintiff challenged a prison misconduct proceeding, but failed to show the conviction implicated any liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). Moreover, he failed to allege an "atypical and significant" hardship implicating a protected liberty interest. *See Sandin v. Connor*, 515 U.S. 472 (1995).

The Court further found that, to the extent that Plaintiff claimed a violation of his constitutional rights because the misconduct violation limits his eligibility for certain prison jobs, this claim was meritless because a prisoner has no constitutionally protected right to a prison job or a particular prison wage. *See Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989).

Plaintiff seeks relief from judgment on the ground that he would like to amend his complaint to add additional information and supporting documentation which would, he argues, would cure any deficiencies in his complaint. The Court will grant Plaintiff's request to amend the complaint and consider the documents as filed and as part of the complaint. *See Brown v. Matauszak*, 415 F. App'x 608, 2011 WL 285251 (6th Cir. 2011) (finding that the district court abused its discretion in not granting an amendment where the prisoner clearly submitted documentation indicating that information did exist that would cure the defect in the prisoner's complaint).

Even considering these documents, however, along with the allegations in Plaintiff's motion, the Court finds that Plaintiff merely presents issues already ruled upon by the Court. None of the arguments or supporting documents allege a claim under § 1983. The complaint still suffers from the same deficiencies identified in the Court's order of dismissal. Plaintiff fails to allege facts showing unconstitutional conduct. Nothing in the motion justifies relief.

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion for Relief from Judgment and for Leave to Amend Complaint (dkt. # 11). The Court

grants Plaintiff's request to amend the complaint and denies the motion for relief from judgment.

SO ORDERED.

s/John Corbett O'Meara<br>United States District Judge

Date:  September 11, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 11, 2014, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager

3